NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOEL D., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.D., *Appellees*.

No. 1 CA-JV 17-0011
FILED 6-27-2017

Appeal from the Superior Court in Maricopa County
No. JD 23237
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee, Department of Child Safety*

_____

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia K. Norris joined.

_____

**C A M P B E L L**, Judge:

¶1        In this appeal, the father of A.D., Joel D., challenges the juvenile court's order terminating his parental rights. He argues that the juvenile court erred in finding two statutory grounds for termination. Because reasonable evidence supports the juvenile court's termination based on the fifteen months out-of-home placement ground under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(8)(c), we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        A.D. was born in August 2011. Father and Mother[1] have a history of substance abuse and domestic violence. Previously, the court terminated parental rights to their two other children in common. Only A.D. is a party to this appeal.

¶3        In early February 2013, the Department of Child Services ("DCS") conducted an investigation regarding allegations of domestic violence and substance abuse. The investigator determined that Father and Mother engaged in domestic violence while the child was present. DCS had additional concerns about substance abuse by both parents. Accordingly, DCS took temporary custody of A.D. and filed a dependency petition alleging neglect.

¶4        Throughout 2013, DCS referred Father to various services including drug testing, substance-abuse assessment and treatment, psychological evaluation, and parent aide services. Father's participation, however, was minimal and sporadic. Father also continued to engage in acts of domestic violence and tested positive for methamphetamines and opiates. At his initial intake for substance-abuse assessment, Father denied having issues with substance abuse. During his individual counseling sessions, Father also denied having issues with domestic violence, despite his fifteen-year documented history of domestic violence.

_____

[1] Mother is not a party to this appeal.

2

¶5          In late 2013 and early 2014, Father submitted to regular drug testing and substance abuse treatment as well as a psychological evaluation. A treatment provider, however, reported Father was still engaging in "denial, minimalizing, and blaming" behaviors. Service providers also had concerns Father was not fully attentive in parenting classes.

¶6          In March 2015, A.D. was placed into Father's home in a reunification effort. Shortly after, Father missed drug tests, brought an inappropriate caregiver into the home, and continued to engage in unhealthy domestic relationships. In April 2015, the juvenile court again removed A.D. from the father's custody. Following the failed reunification, Father continued to engage in inappropriate parenting behavior and failed to achieve all of his treatment goals.

¶7          In 2016, DCS filed a motion for the termination of Father's parental rights based on the statutory grounds of mental illness, nine months out-of-home placement, and fifteen months out-of-home-placement. The juvenile court held a contested severance hearing and terminated on the grounds of mental illness and fifteen months out-of-home placement. The court also found that termination was in A.D.'s best interests. The juvenile court entered an order terminating Father's parental rights. Father timely appealed.

## DISCUSSION

¶8          Father argues the juvenile court erred in finding there was clear and convincing evidence supporting termination based on fifteen months out-of-home placement under A.R.S. § 8-533(B)(8)(c).[2] Viewing the evidence in the light most favorable to sustaining the termination order, *see Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (citations omitted), we find no error.

¶9          Parents have a fundamental right to raise their children as they see fit, but that right is not absolute. *Linda V. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 76, 78, ¶ 6 (App. 2005) (citations omitted). To justify the severance of parental rights, the juvenile court must find at least one statutory ground by clear and convincing evidence. *Id.* Additionally, the juvenile court must find by a preponderance of the evidence that the severance of parental rights is in the child's best interest. *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 42 (2005). We do not reweigh the evidence, but, rather, we determine

---

[2] Father does not dispute that termination is in A.D.'s best interests.

whether the termination order is supported by reasonable evidence. *Jordan C.*, 223 Ariz. at 93, ¶ 18 (citation omitted).

¶10 Termination based on out-of-home placement for a cumulative period of fifteen months or longer requires clear and convincing evidence that: (1) the parent has been unable to remedy the circumstances that caused the out-of-home placement, and (2) there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future. A.R.S. § 8-533(B)(8)(c).

¶11 Reasonable evidence supports the juvenile court's findings that Father had been unable to remedy the circumstances that caused A.D.'s out-of-home placement and there was a substantial likelihood Father would not be capable of exercising proper and effective parental care and control in the near future. At the time of the termination hearing, A.D. had been in DCS's care for a cumulative period of over three and a half years. Although Father had made progress and actively participated in various services, Father had a pattern of dishonesty with service providers and continued to engage in unhealthy domestic relationships. Father continued to select inappropriate caregivers and did not demonstrate the ability to consistently parent A.D. safely and effectively.

¶12 Accordingly, the juvenile court did not err in terminating Father's parental rights to A.D. under A.R.S. § 8-533(B)(8)(c). Therefore, we need not address Father's argument that the juvenile court erred in terminating his parental rights based on mental illness under A.R.S. § 8-533(B)(3). *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000) (if appellate court affirms one statutory basis, it need not address other statutory bases for termination).

## CONCLUSION

¶**13**      For the reasons discussed, we affirm the juvenile court's order terminating Father's parental rights to A.D.



AMY M. WOOD • Clerk of the Court
FILED:  AA